UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:19-CR-00043-GFVT-EBA-1
(Related Civil Action No. 3:22-CV-00054-GFVT-EBA)

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.           **REPORT AND RECOMMENDATION**

ERIC BERRY, SR.,                                                                DEFENDANT.

On December 5, 2019, a federal grand jury indicted Eric Berry, Sr., on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [R. 1]. Berry was arrested pursuant and appeared in in this case for an initial appearance on December 12, 2019. [R. 6]. He was released on bond. [R. 10 & 11]. A short time later, Berry appeared for rearraignment and pled guilty to the offense charged in the indictment. Again, he was allowed to remain on bond while awaiting sentencing. However, prior to sentencing, Berry was arrested and taken into custody in Shelby County for failing to appear for a hearing in a state court matter. [R. 25 at pg. 2].

Then, on November 18, 2020, Berry appeared in this matter for upon a writ of habeas corpus ad prosequendum and was sentenced to 84 months imprisonment, with three years of supervised release to follow. [R. 45]. Following sentencing, he was returned to state custody.

On February 25, 2021, Berry was sentenced in Jefferson Circuit Court to five years imprisonment. [R. 56-1]. In the state court Judgment, and while Berry was still in state, rather than federal custody, Judge Brian Edwards directed Berry's sentence to "run concurrently with Federal case No. 3:19-CR-43-GFVT." [*Id.* at pg. 2].

On October 3, 2022, Berry filed the instant Motion to Vacate his federal sentence in this

matter under 28 U.S.C. § 2255, alleging two claims of ineffective assistance of counsel and asking the Court to give him credit for the time he served in state custody following his sentencing in this case. [R. 56]. The United States asserts that Berry's motion is untimely and should be denied. In addition, the United States contends that the motion is meritless.

## I. LEGAL STANDARD

When a federal prisoner seeks to challenge the legality of his sentence, the primary avenue for relief is a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence. *See Peterman*, 249 F.3d at 461; *see also Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

## II. DISCUSSION

### A. Timeliness of Motion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") allows a defendant to file a collateral attack on his conviction or sentence within one year of the date of his conviction becoming final. 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

>    such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States argues that Berry's motion to vacate should be denied as untimely because it was filed more than one year after the judgment of conviction became final

Because Berry did not file a direct appeal, the judgment of conviction in this case became final fourteen days after it was entered—on December 2, 2020. *See* Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Berry then had one year, until December 2, 2021, to file the present motion to vacate his sentence under § 2255. Construing Berry's motion leniently and because he argues that he was unaware of the facts underlying his claim until July 28, 2021, the Court will find for purposes of this opinion, that the limitations period began running at that time under § 2255(f)(4). [R. 56 at pg. 6; R. 56-1 at pg. 4].[1] Berry's claim that he was unaware of the "unexpected ramifications" of the Court's silence as to sentencing is immaterial because the statute of limitations in this case began to run when Berry knew (or through diligence could have discovered) the important facts, not when he recognized their legal significance. *See Hodge v. United States*, No. 3:10-00172, 2011 U.S. Dist. LEXIS 91196, at *24 (M.D. Tenn. Aug. 15, 2011).

Therefore, assuming the limitation period began to run on July 28, 2021, Berry should have filed his motion no later than July 28, 2022. However, because Berry filed the instant motion to vacate on October 3, 2022—almost 3 months late, his motion should be denied as untimely under § 2255(f)(4).

---

[1] Berry claims he did not learn his state and federal sentences were "split" until July 28, 2021. [R. 56 at pg. 6]. For purposes of this Recommendation, the Court shall accept July 28, 2021 as the date when he learned of facts that support his claim.

## B. Equitable Tolling of Limitations Period

The final consideration is whether Berry is entitled to equitable tolling. The Sixth Circuit has held that the one-year statute of limitations provided by 28 U.S.C. § 2255 is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). This allows the Court "to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal citations omitted). However, equitable tolling is "applied sparingly" and is evaluated on a case-by-case basis, with the petitioner bearing the "ultimate burden of persuading the court that he . . . is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citations omitted). Yet, the Sixth Circuit has also recognized that flexibility is also necessary so that the court may "meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).

To demonstrate that he is entitled to equitable tolling, Berry must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Berry has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. While he avers that he relied on the state court sentence and believed that his sentences were running concurrently until July 28, 2021, his motion suggests that he at least suspected something was awry with his sentences before that date. In his motion, he states that he did not appeal his sentence because he "was told by [his] attorney that [his] sentences would be fixed" once he was in BOP custody and that the time he had served "would be credited." [R. 56 at pg. 3].

The alleged failure of counsel to advise Berry that his sentences would run consecutive

does not constitute an extraordinary circumstance for the purposes of equitable tolling. *Sharpe v. United States*, Civil Action No. 2:09-cv-489-WHA (WO), 2011 U.S. Dist. LEXIS 60161, at *13–15 (M.D. Ala. Mar. 31, 2011) (citing *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) ("garden variety claim" of attorney negligence does not warrant equitable tolling)). As Berry has not established that he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test. In sum, Berry is not entitled to equitable tolling of the limitations period for his § 2255.

### C. Certificate of Appealability

A Certificate of Appealability may issue where a petitioner made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 Fed. App'x 771, 774 (6th Cir. 2005).

In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Here, Berry filed an untimely motion for relief under § 2255. Reasonable jurists would, moreover, not debate the dismissal of Berry's § 2255 motion as untimely. Thus, this Court recommends that the District Court should deny a Certificate of Appealability.

### III. RECOMMENDATION

Accordingly, having reviewed the record in its entirety, and in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, **IT IS RECOMMENDED** that:

**IT IS RECOMMENDED** that:

1. Berry's Motion to Vacate under 28 U.S.C. § 2255 be DENIED and DISMISSED WITH PREJUDICE;

2. A Certificate of Appealability be DENIED as to all issues raised, should Berry so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed June 28, 2023.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge