UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:19-cr-00043-GFVT-EBA |
| | ) | |
| ERIC BERRY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Petitioner Eric Berry's Objections to a Report and
Recommendation prepared by United States Magistrate Judge Edward B. Atkins. [R. 70.] Judge
Atkins recommends that the Court dismiss Mr. Berry's petition for writ of habeas corpus as
untimely. [R. 69.] Mr. Berry believes that the statute of limitations should be tolled. [R. 70.]
But Mr. Berry has not met his burden to toll the time limit. Accordingly, Mr. Berry's objections
**[R. 70]** are **OVERRULED**, Judge Atkins's Report and Recommendation **[R. 69]** is **ADOPTED**
as and for the opinion of the Court, and Mr. Berry's Section 2255 petition **[R. 56]** is
**DISMISSED** with prejudice.

**I**

Eric Berry is a prisoner in Federal custody. On December 5, 2019, Mr. Berry was
indicted on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. §
922(g)(1). [R. 1.] Following his initial appearance, Mr. Berry was released on bond. [R. 69 at
1.] Mr. Berry then appeared for his rearraignment and pled guilty to being a felon in possession
of a firearm. *Id*. He was permitted to remain on bond while awaiting sentencing. *Id*. Prior to

sentencing, however, Mr. Berry was arrested and taken into custody in Shelby County, Kentucky for failing to appear for a hearing in a state court matter. *Id.* On November 18, 2020, Mr. Berry appeared in this Court and was sentenced to 84 months' imprisonment, with three years of supervised release to follow. *Id.* Following his federal sentencing, Mr. Berry was returned to state custody. *Id.* On February 25, 2021, Mr. Berry appeared for sentencing in Jefferson Circuit Court for his pending state court matter and was sentenced to five years imprisonment. *Id.* There, Circuit Judge Brian Edwards directed Mr. Berry's sentence to "run concurrently with Federal case No. 3:19-CR-43-GFVT." *Id.*

In October 2022, Mr. Berry filed his § 2255 motion to vacate his federal sentence, alleging two claims of ineffective assistance of counsel and asking that this Court give him credit for the time he served in state custody following his sentencing in this case. [R. 56.] The United States responded and argued that Berry's motion is untimely, meritless, and should be denied. [R. 65.] Upon referral from this Court, Judge Atkins considered Mr. Berry's motion and prepared a Report and Recommendation. [R. 69.] Judge Atkins recommends that the Court dismiss Mr. Berry's petition with prejudice and decline to issue a certificate of appealability. *Id.* at 6. Mr. Berry objects to Judge Atkins's Recommendation, and the United States was ordered to respond. The matter is now ripe for review.

## II

To receive review of a magistrate judge's decision, a party must submit particularized objections to a report and recommendation within fourteen days of the date of service thereof. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve issues. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  An objecting party must provide sufficient specificity "to enable the district court to discern those issues that are dispositive and contentious."  *Miller*, 50 F.3d at 380.

In his objection to Judge Atkins's recommendation, Mr. Berry raises two objections. First, he specifically asks this Court to consider equitable tolling of the statute of limitations.  [R. 70 at 4.]  Next, Mr. Berry contends that he should be issued a certificate of appealability because he was denied legal counsel and the ability to self-educate himself in a law library.  *Id*.  The Court considers each argument in turn.

## A

Mr. Berry is not entitled to traditional equitable tolling.  The Antiterrorism and Effective Death Penalty Act establishes a "1-year period of limitation" governing motions for collateral relief under § 2255.  28 U.S.C. § 2255(f).  But that one-year statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010).  To determine whether a petitioner merits traditional equitable tolling of the statute of limitations, courts must consider (1) whether the petitioner has been pursuing his rights diligently and (2) whether some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011).  The habeas petitioner bears the burden of demonstrating that both factors are met.  *Hall*, 662 F.3d at 750.

Judge Atkins determined that Mr. Berry has not established that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing.  [R. 69 at 4.]  Judge Atkins found that Mr. Berry suspected something was amiss regarding the timing of his separate

3

sentences, but did not timely appeal his sentence because he "was told by [his] attorney that [his] sentences would be fixed" once he was in BOP custody and that the time he had served "would be credited." *Id*. According to Judge Atkins recommendation, this alleged misinformation proffered by counsel does not constitute an extraordinary circumstance warranting equitable tolling. *Id*. at 4-5. Because Mr. Berry did not establish that he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, Judge Atkins declined to address the diligence prong of the equitable tolling test.

This Court agrees with Judge Atkins's assessment. First, construing Mr. Berry's petition "leniently," Judge Atkins concluded that Berry's statute of limitations began running on July 29, 2021, the date he alleged he became aware of the facts underlying his claim. Nonetheless, even with the later date in effect, Berry's petition was filed "almost 3 months too late." Mr. Berry's lack of legal knowledge and access to counsel do not excuse his failure to timely seek § 2255 relief. "A prisoner's pro se incarcerated status, lack of knowledge of the law, and limited access to the prison's law library or to legal materials do not justify equitable tolling." *Chapman-Sexton v. United States*, No. 2:16-CR-00141(1), 2021 WL 292027, at *3 (S.D. Ohio Jan. 28, 2021). "Such conditions are typical for many prisoners, and therefore do not constitute extraordinary circumstances." *Id*.

In his objection, Mr. Berry further seeks exception for the tardiness of his appeal by explaining that he was "judicially and physically injured" due to the circumstances surrounding Covid-19 lockdowns. The United States concedes that "Courts have concluded that the COVID-19 pandemic could—in certain circumstances—conceivably warrant equitable tolling for § 2255 motions." [R. 72 at 4 (citing *United States v. Jackson*, No. 1:17-CR-422, 2023 WL 4352561, at *4 (N.D. Ohio July 5, 2023)).] But "[t]hese certain circumstances involve defendants who had

4

been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19." *United States v. West*, 578 F. Supp. 3d 962, 966 (N.D. Ohio 2022).  Mr. Berry avers that he was diligently pursuing his rights, but that Covid-19 stymied any progress. [R. 70 at 2-4.]  The Covid-19 pandemic, however, "does not automatically warrant equitable tolling for a petitioner who seeks it on that basis.  The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion."  *West*, 578 F. Supp. 3d at 967 (citations and internal quotations omitted).

Here, Mr. Berry's vague and generalized contentions do not sufficiently explain the impact of Covid-19 or why the circumstances he describes prevented him from filing his § 2255 motion within the one-year period of limitation.  Mr. Berry describes being on "lockdown 24 hours a [d]ay" and elucidates that he was not allowed access to a law library nor to "legal counsel."  [R. 70 at 2.]  But "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition[.]"  *Andrews v. United States*, No. 17-1693, 2017 U.S. App. LEXIS 28295, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017).  Thus, while the Court is sympathetic to Mr. Berry, his explanations still fail to demonstrate that equitable tolling is warranted.

## B

A Certificate of Appealability may issue where a petitioner made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires a petitioner to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039–40 (2003).  The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 Fed. App'x 771, 774 (6th Cir. 2005).

In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Judge Atkins recommends that this Court deny a Certificate of Appealability because reasonable jurists would not debate the dismissal of Mr. Berry's § 2255 motion as untimely. Having found that Mr. Berry's § 2255 was untimely and not entitled to equitable tolling, the Court agrees with Judge Atkins that a Certificate of Appealability should not be issued.

### III

Mr. Berry's objections do not present a reason to disturb Judge Atkins's recommended disposition.  Because Mr. Berry cannot avail himself of the equitable tolling of the statute of limitations, his Section 2255 petition must be dismissed as untimely.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

6

1. Mr. Berry's Objections **[R. 70]** are **OVERRULED**;

2. Judge Atkins's Report and Recommendation **[R. 69]** is **ADOPTED** as and for the opinion of the Court;

3. Mr. Berry's Section 2255 petition **[R. 56]** is **DENIED** and **DISMISSED** with prejudice;

4. A Certificate of Appealability is **DENIED** as to all issues raised; and

5. Judgment in this matter will follow promptly.

This the 10th day of April 2024.

Gregory F. Van Tatenhove
United States District Judge