UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:19-CR-43-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| ERIC BERRY SR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

On June 12, 2024, federal prisoner Eric Berry Sr., proceeding *pro se*, filed a motion to vacate under 28 U.S.C. § 2255.[1]  D.E. 76.  The matter was assigned to the undersigned to conduct a preliminary review in accordance with Rule 4 of the Rules Governing Section 2255 Cases.  Because Berry's current motion is "second or successive" under § 2255(h), the undersigned **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings.

## I.

In November 2020, Berry was sentenced to 84 months upon his plea of guilty to being a felon in possession of a firearm.  D.E. 45.  His plea agreement waived many of his appellate rights and his right to attack collaterally the guilty plea, conviction, and sentence, except for claims of ineffective assistance of counsel.  D.E. 17 ¶ 7.  Berry filed a previous post-conviction

---

[1] The motion was placed in the prison mail on that date but docketed on July 2, 2024.

motion in October 2022, alleging ineffective assistance of counsel. D.E. 56. That motion was ultimately dismissed as untimely in April 2024. D.E. 69, 73.

Because Berry's new motion (D.E. 76) was not signed under penalty of perjury and did not substantially follow the form for § 2255, motions, the Court ordered Berry to resubmit it. D.E. 78. On August 2, 2024, the Court received Berry's corrected motion that uses the standard form. D.E. 80.

Because Berry's current motion is "second or successive" under § 2255(h), the undersigned **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to Rule 9 of the Rules Governing Section 2255 Proceedings.

## II.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 states that a court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Section 2255(h) states that a second or successive motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). In order to obtain such certification, a defendant must show that either (1) that there is newly discovered evidence that, when viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense; or (2) there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.*

2

Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Not every numerically second petition is "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645. One reason that subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-86; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996).

### III.

Here, Berry's previous petition was dismissed as untimely. D.E. 73. The Sixth Circuit treats petitions under this posture as second or successive. "Courts consider the proper dismissal of a prior § 2255 motion as time-barred an adjudication on the merits, rendering any new motion 'second or successive.'" *United States v. Clay*, No. 5:06-CR-83-JMH-REW-1, 2017 WL 874707, at *2 (E.D. Ky. Feb. 8, 2017), *report and recommendation adopted*, 2017 WL 875479 (E.D. Ky. Mar. 3, 2017).

For example, the *Watkins* Defendant's first § 2255 petition was dismissed as untimely. *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015). Yet the District Court transferred his second petition to the Court of Appeals, which then considered whether to authorize such a second-or-

successive petition.  *Id.*  The fact that the Sixth Circuit screened this petition as second or successive constituted an implicit holding that the petition was indeed second or successive. *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010).

Another example is the Sixth Circuit's brief discussion in *King*:

> Rather than addressing the merits of King's habeas corpus petition, the district court should have transferred it to this court for consideration as a second or successive habeas corpus petition because it was not his first habeas petition, his prior petition was dismissed as untimely, and he had not obtained leave to file of a second petition.  *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

*King v. Corrigan*, No. 22-1581, 2022 WL 17836537, at *2 (6th Cir. Dec. 19, 2022). The *Rains* Court held that the dismissal of a prisoner's first habeas petition as time-barred is "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."  *In re Rains*, 659 F.3d at 1275; *see also In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) ("The dismissal of a petition as untimely is a decision 'on the merits.'"); *Thomas v. Schiebner*, No. 2:22-CV-11941-TGB-APP, 2022 WL 4227867, at *2 (E.D. Mich. Sept. 13, 2022) ("A dismissal based on Petitioner's failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition 'second or successive' for the purposes of § 2244(b).").

Here, the denial of Berry's original § 2255 motion as untimely qualifies as a decision on the merits.  Berry does not indicate that he has received authorization from the Sixth Circuit to file a second or successive § 2255 motion.  *See Clark v. United States*, 764 F.3d 653, 657-58 (6th Cir. 2014).

4

## IV. Conclusion

Because his § 2255 motion is second or successive, Berry is required to seek certification from the Sixth Circuit in order to file this second or successive § 2255 motion. For this reason, the undersigned **RECOMMENDS** that Berry's motion (D.E. 76, 80) be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(a) for a determination as to whether the District Court may review it.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Court.** Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 5th day of September, 2024.

Signed By:

*Hanly A. Ingram*

United States Magistrate Judge