UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:19-cr-00043-GFVT-HAI-1 |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ERIC BERRY, SR., ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon a Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 81.] Defendant Eric Berry, Sr. filed a motion to modify his sentence pursuant to 28 U.S.C. § 2255. [R. 76.] For the reasons that follow, Judge Ingram's Report and Recommendation is **ADOPTED** for the Opinion of the Court and Mr. Berry's Motion is **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 1631.

**I**

In Mr. Berry's motion, he asserts that his conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) is invalid because recent Supreme Court cases concerning the Second Amendment render § 922(g) unconstitutional. [R. 76.] Mr. Berry's initial motion was not made under penalty of perjury as required as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, nor did it follow the Section 2255 form as required by Rule 2(c). [R. 76; R. 78.] However, he properly filed a later motion correcting these errors. [R. 80.] Consistent with local practice, Judge Ingram reviewed the motion and prepared a Recommended Disposition transferring Mr. Berry's Motion to the Sixth Circuit. [R. 81.]

Because the fourteen-day objection period has expired with no objections, the matter is now ripe for review.

## II

In 2020, Mr. Berry pleaded guilty to one count of possession of a firearm by a convicted felon, with sentence length of 84 months. [R. 45.] Next, in 2022, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. [R. 56.] The Court ultimately denied that motion as untimely. [R. 73.] Mr. Berry then filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, alleging that his firearm conviction violates the Second Amendment. [R. 76.] Mr. Berry contends that the Supreme Court's recent decision, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), renders his conviction under § 922(g) unconstitutional. As Berry's current motion is "second or successive" under § 2255(h), however, Judge Ingram found that this court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. [R. 81.]

### A

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Report and Recommendation have been filed, and the time to do so has now expired. Nevertheless, this Court has considered the record, and it ultimately agrees with Judge Ingram's recommendation.

2

**B**

Federal courts are not required to entertain repeated applications for writ of habeas corpus. 28 U.S.C. § 2244(a). However, second or successive motions under Section 2255 can be heard upon certification from a panel of the appropriate court of appeals. *Id.* § 2255(h). To file a second or successive motion under Section 2255, a prisoner must demonstrate to the Circuit that newly discovered evidence or a new rule of constitutional law requires his sentence to be overturned. *Id.* Unless the Court of Appeals has authorized the filing of a second or successive petition, a district court must transfer the document to the appellate court pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

While not every numerically second petition is "second or successive," in this case, Judge Ingram found that the denial of Berry's original § 2255 motion as untimely qualifies as a decision on the merits. [R. 81.] Judge Ingram noted that the Sixth Circuit, and district courts within its purview, routinely treats later § 2255 motions following prior untimely § 2255 motions as second or successive and requires that they first be certified to the court of appeals. *King v. Corrigan*, No. 22-1581, 2022 WL 17836537, at *2 (6th Cir. Dec. 19, 2022); *see also In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) ("The dismissal of a petition as untimely is a decision 'on the merits.'"); *Thomas v. Schiebner*, No. 2:22-CV-11941-TGB-APP, 2022 WL 4227867, at *2 (E.D. Mich. Sept. 13, 2022) ("A dismissal based on Petitioner's failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition 'second or successive' for the purposes of § 2244(b).").

Mr. Berry does not indicate that the Sixth Circuit has given him permission to bring a successive Section 2255 motion. As such, the Sixth Circuit is the appropriate forum for this motion, and the Court will transfer the filing there.

### III

Accordingly, for these reasons and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Ingram's Report and Recommendation **[R. 81]** as to defendant Eric Berry, Sr. is **ADOPTED** for the Opinion of the Court;

2. Mr. Berry's Motion **[R. 76]** is hereby **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether this Court may review it; and

3. Mr. Berry's Corrected Motion **[R. 80]** is hereby **TRANSFERRED** to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination as to whether this Court may review it.

This the 8th day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge